UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13CV-00048-JHM

**KONRAD GOESS-SAURAU**                                                                                      **PLAINTIFF**

**VS.**

**JAMES S. FALLER, II, et al.**                                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION

### BACKGROUND

James S. Faller ("Faller"), appears in this action *pro se* in his individual capacity and also as Trustee of the Tanya Faller Irrevocable Trust ("Trust") (DN 1). The District Judge has referred this matter to United States Magistrate Judge H. Brent Brennenstuhl pursuant to 28 U.S.C. § 636(b)(1)(A) (DN 5).

### CONCLUSIONS OF LAW

Upon initial review of the pleadings in this matter, the undersigned noted that Faller is not licensed to practice law and prosecutes the action *pro se*. While 28 U.S.C. § 1654 provides that in all courts of the United States the parties may plead and conduct their own cases personally or by counsel, that statute does not permit persons to appear *pro se* where interests other than their own are at stake. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Moreover, "[t]hat a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest

in regulating the practice of law." Heldt v. Nicholson, 2000 U.S. App. LEXIS 21246, 2000 WL 1176879, at *1 (6th Cir. 2000).

Whether an individual can proceed *pro se* on behalf of a trust depends on the nature and scope of the trust. Faller failed to provide a sufficient factual recitation in his pleading from which the undersigned could determine whether his representation of the Trust was permissible. As the Court is charged with ensuring that those appearing before it as legal advocates do not engage in the unauthorized practice of law as defined by the rules promulgated by the Supreme Court of Kentucky and as prohibited by K.R.S. § 524.130, the undersigned raised this issue *sua sponte*. Consequently, the undersigned issued an order directing Faller to file a memorandum demonstrating that there is both a factual and legal basis upon which to authorize his representation of the Trust in this action (DN 7).

On May 30, 2013, Faller filed a response (DN 19). While his response is lengthy, he has failed entirely to address the issue of the factual and legal basis upon which his representation of the Estate is authorized. He has not provided any information as to the nature of the Trust or his interest therein, if any, nor has he cited any legal authority in support of his standing to serve in a representative capacity. The undersigned is of the opinion, therefore, that Faller's representation of the Trust in this action constitutes an unauthorized practice of law, and should be prohibited.

2

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the claim asserted by Faller on behalf of the Tanya Faller Irrevocable Trust be **DISMISSED**, without prejudice.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984)

Copies to:   James S. Faller, *pro se*
             Counsel of Record